IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| NICO FARMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:21-CV-152-RLJ-CRW |
| TONY PARKER, ET AL. | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM & ORDER**

Plaintiff is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action transferred to this Court on October 4, 2021, from the United States District Court for the Middle District of Tennessee [Doc. 14]. Plaintiff had filed several motions in the initiating court that were transferred for this Court's consideration [Docs. 7-12]. Given the posture of this case, the Court finds that it should address Plaintiff's motions and provide him an opportunity to amend his complaint prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915A(b).

### I. MOTION TO AMEND

Plaintiff has filed two motions for leave to file an amended complaint [Docs. 8 and 17], along with a proposed amended complaint [Doc. 8-1]. However, the amended complaint seeks to add claims and Defendants without incorporating all of the original Defendants and/or claims [*Compare* Doc. 8-1 *with* Doc. 1]. Because "[a]n amended complaint supersedes an earlier complaint for all purposes[,]" *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), the Court finds Plaintiff should be an opportunity to file one single, complete complaint. Therefore, Plaintiff's motions to amend [Docs. 8 and 17] are **DENIED**, and Plaintiff

is **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the party/parties responsible within twenty-one (21) days of entry of this Order. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should avoid legal citations or legal arguments in his amended complaint. Rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, and why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will consider only the claims and Defendants identified in Plaintiff's initial complaint [Doc. 1]. Additionally, because the transfer of this action and directive to file an amended complaint moots Plaintiff's requests for a hearing on his complaint in the initiating court, Plaintiff's motions for an immediate conference [Doc. 9] and a subpoena of witnesses [Doc. 10] are **DENIED** without prejudice.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny **any** motions filed before the Court has completed this screening.

2

Case 2:21-cv-00152-RLJ-CRW   Document 20   Filed 12/01/21   Page 2 of 6   PageID #: 17

## II. MOTION FOR COPIES

Plaintiff has requested that this Court provide him with copies of all of his legal documents, and that it order prison officials to make copies for him in the future [Doc. 12]. While the Court notes that Plaintiff is a prisoner proceeding *in forma pauperis*, he is nonetheless not entitled to copies of documents at the Court's expense. *See, e.g.*, *Hammock v. Rogers*, No. 1:17-CV-1939, 2019 WL 651602, at *2 (N.D. Ohio Feb. 15, 2019) (noting indigent prisoners must bear own litigation expenses).

Access to copies could, however, implicate Plaintiff's constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate possesses right to access courts to pursue non-frivolous civil rights or criminal action). However, that right is infringed only upon a demonstration of actual prejudice to a non-frivolous claim. *Id*. at 349-54 & n.3. Plaintiff has not demonstrated that he has been prejudiced by any restrictions placed on his ability to make copies of his legal documents. Therefore, Plaintiff's motion that the Court order production of copies of Plaintiff's legal documents [Doc. 12] is **DENIED** without prejudice to Plaintiff's ability to obtain a copy of his complaint once he has paid for its reproduction. Plaintiff is **ADVISED** that the cost for reproducing any paper or record is $.50 per page, with such fee to be tendered to the Clerk with any request for copies of court files to be directed to the Clerk of Court. *See* 28 U.S.C. § 1914 (schedule of fees); Judicial Conference Schedule of Fees at ¶ 4 (effective Dec. 1, 2020).

## III. MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff has filed three miscellaneous motions requesting the following injunctive relief: seal the case, issue a gag order to the parties, move Plaintiff to protective custody for life in another correctional institution, stop retaliation against him, and subpoena two non-party sexual assault advocates [Docs. 7, 10, and 11].

Both temporary restraining orders ("TRO") and preliminary injunctions are governed by Federal Rule of Civil Procedure 65. A preliminary injunction may not issue unless the Court provides notice to all parties and gives them a chance to be heard. *See* Fed. R. Civ. P. 65(a)(1). Conversely, a TRO does not require notice to the parties, as its purpose is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974). The factors to be considered in determining whether a TRO or preliminary injunction should issue, however, are the same. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007).

In determining whether to grant a request for preliminary relief, courts balance the following factors: (1) whether plaintiff "has shown a strong likelihood of success on the merits;" (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, it "should be granted only if the movant carries his or her burden of proving that the circumstances clearly warrant it." *Overstreet*, 305 F.3d at 573.

The crux of Plaintiff's complaint is that he is in danger of death or serious bodily harm because various gangs have issued a "kill on sight" order for him due to his status as a former gang member turned informant, and that prison officials refuse to protect him from that harm [*See, generally*, Doc. 1]. However, the Court has already determined that Plaintiff's complaint needs to be supplanted by a more complete, cohesive recitation of the facts, and the Court cannot, therefore, find that Plaintiff has demonstrated a strong likelihood of success on the merits in this case.

4

Instead, at this juncture, Plaintiff's allegations may or may not state a cognizable claim under § 1983. Second, the Court finds that Plaintiff's allegations do not allow it to infer that Plaintiff will suffer irreparable injury in the absence of injunctive relief, as he repeatedly mentions in his complaint that he is in protective custody [*Id.*].

In analyzing the third and fourth factors, the Court notes that Plaintiff requests injunctive relief that would both interfere with prison operations and the presumption of access to court records. While the public interest is served by upholding the civil rights of all individuals, there is a strong public interest access to court records and in leaving the administrative matters of state prisons in the hands of jail officials. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) ("The public has a strong interest in obtaining the information contained in the court record."); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances). As noted above, Plaintiff is housed in protective custody, and the instant motions do not identify any particularized threat to Plaintiff. Therefore, the Court finds that Plaintiff's claims may properly be resolved during the normal course of litigation, and the balance of the relevant factors weighs against the grant of injunctive relief. Accordingly, Plaintiff's motions [Docs. 7, 10, and 11] are **DENIED**.

## IV. CONCLUSION

In sum, Plaintiff's motions [Docs. 7, 8, 9, 10, 11, 12, and 17] are **DENIED**, Plaintiff is **ORDERED** to file an amended complaint as set forth above, and the Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for that purpose.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change

in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge