IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

NICO FARMER,                          )
                                      )
                Plaintiff,            )
                                      )
v.                                    )          No.:    2:21-CV-152-RLJ-CRW
                                      )
TONY PARKER, ET AL.,                  )
                                      )
                                      )
                Defendants.           )

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On February 14, 2022, this

Court entered an order screening the complaint and providing Plaintiff thirty (30) days from the

date of entry of the order to return a service packet for Defendant CO Traynor, the sole remaining

defendant in this case [Doc. 25 p. 8]. The Court warned Plaintiff that if he failed to timely comply

with that order, the Court would dismiss this action [*Id.* at 9]. The deadline has now passed, and

Plaintiff has not complied with this order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of

the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of*

*Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly

provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion),

it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)."

(citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when

considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant, as he has not been served. As to the third factor, the Court's previous order warned Plaintiff that failure to timely respond would result in dismissal of this action. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is an indigent prisoner who has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

_____
s/ Leon Jordan
United States District Judge